**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE:

| | |
|---|---|
| COMPOSITE TECHNOLOGY INTERNATIONAL, INC.<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　　　　Defendant. | COURT NO.: 17-00129 |

## COMPLAINT

Plaintiff, Composite Technology International, Inc., by and through its attorneys of record, alleges as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business in Sacramento, California.

2. Defendant, United States, through United States Customs and Border Protection ("Customs") is responsible for classifying merchandise imported into the United States under the Harmonized Tariff Schedule of the United States ("HTSUS") and collecting duties.

## STANDING AND JURISDICTION

3. Plaintiff is the importer of record for the entries of the merchandise which are the subject of this complaint and is the real party in interest.

4. Pursuant to 19 U.S.C. §1514(a)(2), Plaintiff timely filed protests that challenged Customs' decision to classify the subject entries under Subh. 4421.90.97, HTSUS, as "Other

Court No.: 17-00129

articles of wood: Other: Other: Other" (2013-2014) and assessed duties at the rate of 3.3% *ad valorem*.

5. Customs denied the protests.

6. Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2636(a)(1) because it timely filed its summons to challenge Customs' denial of the protests.

7. Based on the timely filed protests which Customs denied and the timely filed summons, the court has jurisdiction of this action under 28 U.S.C. § 1581(a), as amended.

## FACTUAL BACKGROUND

8. This action involves the classification of the merchandise Plaintiff imported under Entry No. 231-6291868-8 (dated September 13, 2013), at the Los Angeles, CA seaport, as well as fifty-two other entries that are covered by the subject protests included in the summons.

9. The imported merchandise is wooden stiles and rails which are rectangular in shape and of various lengths.

10. The stiles and rails are used as door parts.

11. The merchandise is made exclusively of laminated veneered lumber (LVL) that is comprised of thin layers of wood (veneers less than 6 millimeters in thickness). (Hereinafter the merchandise is known as the "All-LVL merchandise").

12. The layers are made of non-coniferous poplar wood.

13. Each layer of wood is laminated to one another with the grain of each layer oriented parallel to one another.

14. The top layers of wood are made of superior grade veneers, which are free and clear of notches and defects.

15. The ends of the of the wood are straight cut or rebated (have a step cut).

Court No.:  17-00129

16. Customs denied the protests based on Court of International Trade (CIT) Case No. 13-00205.

17. The merchandise in Case No. 13-00205 involved door stiles and rails made of LVL laminated to a piece of pine lumber (greater than 6 mm in thickness) known as a "pine cap."

18. The CIT held that the pine cap merchandise in Case No. 13-00205 is classified under Subh. 4421.90.97, HTSUS, as "Other articles of wood: Other: Other: Other."

19. The All-LVL merchandise does not contain a laminated piece of pine lumber (pine cap) of any thickness.

20. Customs classified the entries of All-LVL merchandise under Subh. 4421.90.97, HTSUS as "Other articles of wood: Other: Other: Other" and assessed duty at the rate of 3.3% *ad valorem*.

21. Plaintiff claims and alleges the merchandise is properly classified under Subh. 4412.99.51, HTSUS (2013-2014) as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other" which is free of duty.

## **CLAIM 1**

22. Plaintiff re-alleges paragraphs 1-21 as though fully set forth herein.

23. Pursuant to General Rule of Interpretation 1 ("GRI 1") of the HTSUS, the imported All-LVL merchandise, made exclusively of thin layers of non-coniferous, poplar wood (each veneer less than 6 mms in thickness) and with the grain of each layer parallel to one another, is provided for under the terms of Heading 4412, HTSUS, because it is similar to veneered panels and similar laminated wood.

Court No.: 17-00129

24. Customs rulings, such as HQ 960469 (Oct. 24, 1997), HQ W968307 (Feb. 6, 2007) and HQ W968306 (Feb. 6, 2007) classify LVL merchandise under Heading 4412, HTSUS.

25. Plaintiff's All-LVL merchandise does not contain a pine cap which would preclude classification under Heading 4412, HTSUS.

26. Pursuant to Legal Note 4 to Chapter 44, HTSUS, the straight end cuts or rebated ends of this All-LVL merchandise are not operations that give the merchandise the character of other articles of wood classified under Heading 4421, HTSUS.

27. The All-LVL merchandise is properly classified under Subh. 4412.99.51, HTSUS as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other."

## **REQUEST FOR RELIEF**

28. Plaintiff requests the Court to enter judgment in favor of the Plaintiff as follows:

   (1) The imported merchandise is classified under Subh. 4412.99.51, which is duty free;

   (2) Defendant is ordered to re-liquidate the subject entries free of duty and issue refunds of the excess duties and fees paid, with interest, as provided by law, and

/ /

/ /

/ /

/ /

/ /

/ /

Court No.:  17-00129

    (3)  Plaintiff is granted an award of its costs, attorneys' fees and other relief that the Court deems equitable and just.

Dated: October 19, 2021                    Respectfully submitted,

                                                    /s/ Mandy Kirschner
By:    Mandy Edwards Kirschner, Esq.
         Elon A. Pollack, Esq.
         Stein Shostak Shostak Pollack & O'Hara, LLP
         865 South Figueroa Street, Suite 1388
         Los Angeles, California 90017
         Telephone Number: (213) 630-8888
         Fax Number: (213) 630-8890
         E-Mail: mkirschner@steinshostak.com
                  elon@steinshostak.com